

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHILDREN OF ISKCON, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 3:00-CV-1254-L |
| | § | |
| ISKCON, a d/b/a of | § | |
| THE INTERNATIONAL SOCIETY FOR | § | |
| KRISHNA CONSCIOUSNESS, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the court are the following motions:

1. Defendant ISKCON Foundation, Inc.'s Motion to Take Judicial Notice of Facts, filed September 1, 2000;

2. Defendant ISKCON Foundation, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint, filed December 8, 2000;

3. Defendant Faramarz Attar's Motion to Dismiss Plaintiffs' Claims, filed December 11, 2000;

4. ISKCON Defendants' Motion to Dismiss First Amended Complaint for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction, Failure to State a Claim Upon Which Relief Can be Granted Under Federal Rules of Civil Procedure Rule 12(b)(1), (2) and (6), filed December 11, 2000[1];

5. Defendant ISKCON of West Virginia, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint, filed December 11, 2000;

---

[1]This motion was filed by Defendants International Society for Krishna Consciousness, William Deadwyler, III, ISKCON of California, ISKCON of San Diego, ISKCON of Port Royal, ISKCON of Los Angeles, ISKCON of Southern California, and International Society for Krishna Consciousness of Washington. Unless otherwise stated, the court will refer to these Defendants collectively as the "ISKCON Defendants." On January 23, 2001, Defendant ISKCON Television, Inc. filed a Notice of Joinder, declaring its joinder in the ISKCON Defendants' motion to dismiss. Accordingly, all references to the ISKCON Defendants also includes Defendant ISKCON Television, Inc.

Order - Page 1

6. Defendant William Ogle's Motion to Dismiss First Amended Complaint for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction, Failure to State a Claim Upon Which Relief Can be Granted Under Federal Rules of Civil Procedure Rule 12(b)(1), (2) and (6), filed December 11, 2000;

7. Defendants Texas Krishnas, Inc. and Thomas Herzig's Second Motion to Dismiss for Lack of Subject Matter Jurisdiction and For Failure to State a Claim, filed December 11, 2000;

8. Defendants New Vrindaban Community, Inc., NRS, Inc., and Jaga, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint, filed December 21, 2000;

9. Defendant Howard Resnick's First Amended 12(b)(5) Motion to Dismiss, filed January 29, 2001;

10. Plaintiffs' Motion for Extension of Time to Serve Howard Resnick, filed February 2, 2001; and

11. Motion for Leave to File Brief Amicus Curiae, filed June 14, 2001.[2]

After careful consideration of the motions, responses, replies, Plaintiffs' Second Amended Complaint, and the applicable authority, the court, for the reasons stated herein, **grants** Defendants' respective motions to dismiss; **denies** Defendant Howard Resnick's First Amended 12(b)(5) Motion to Dismiss; **grants** Plaintiffs' Motion for Extension of Time to Serve Howard Resnick; **denies as moot** Defendant ISKCON Foundation, Inc.'s Motion to Take Judicial Notice of Facts; and **denies as moot** the Motion for Leave to File Brief Amicus Curiae.

---

[2]*Amici curiae* are various religious communities or legal entities representing the interests of their respective ecclesiastical faiths, who urge the court to grant Defendants' motions to dismiss. Specifically, *amici curiae* are American Jewish Congress; Baptist Joint Committee on Public Affairs; Christian Legal Society; Christian Life Commission of the Baptist General Convention of Texas; the Church of Jesus Christ of Latter-Day Saints; the Evangelical Covenant Church; the First Church of Christ, Scientist; General Conference of Seventh-day Adventists; Clifton Kirkpatrick as Stated Clerk of the General Assembly of the Presbyterian Church (U.S.A.); National Council of Churches of Christ in the United States; and United States Catholic Conference.

Order - Page 2

I.  **Factual and Procedural Background**

This is a personal injury lawsuit brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and Texas tort law. Plaintiffs comprise a group of 94 individuals who were, at the time of the incidents giving rise to their purported claims, minors attending Hare Krishna boarding schools in California, New York, Pennsylvania, Texas, Washington, West Virginia and India. Defendants are the International Society for Krishna Consciousness ("ISKCON"), several ISKCON-related entities, the estate of the founder of ISKCON, and various individual members of ISKCON's Governing Body of Commissioners.[3] According to Plaintiffs, the facts of this case are as follows:

ISKCON, also known as "Hare Krishna" or "the Hare Krishnas," is a religious association that follows the teachings of Krishna Consciousness, a religious movement founded in the United States in the mid-1960s by A.C. Bhaktivedanta Swami Prabhupada. Devotees of Krishna Consciousness are encouraged to surrender their material possessions and devote their lives to the service of their spiritual leader. This often includes the solicitation of contributions in airports, public displays of chanting and street performances, and the sale or distribution of religious literature and paraphernalia. In addition, devotees are encouraged to place their children in ISKCON-founded

---

[3]Several of the individuals and entities identified as Defendants in this case have not yet been served with process. The court will address this matter later. This order addresses those Defendants who have appeared in this case. Specifically, those Defendants are the ISKCON Defendants; ISKCON Foundation, Inc.; ISKCON of West Virginia; Thomas Herzig (identified in Plaintiffs' Complaint as Thomas Hertzog), Individually and as Executor of the Estate of A.C. Bhaktivedanta Swami Prabhupada; Howard Resnick, Individually, and as Executor of the Estate of A.C. Bhaktivedanta Swami Prabhupada; Faramarz Attar; William Ogle; Jaga, Inc.; NRS, Inc.; and New Vrindaban Community, Inc. Unless otherwise stated, the court refers to these individuals and entities collectively as "Defendants."

and sponsored boarding schools, known as "gurukulas," for the purpose of indoctrinating them into the disciplines of Krishna Consciousness.

Plaintiffs allege that they all attended ISKCON boarding schools as children, and that between 1972 and 1990, they were subjected to neglect and various forms of abuse, including sexual, physical, mental and emotional. Plaintiffs further allege that they were forced to work many hours a day, at ages below the minimum required by the child labor laws of the various states in which the boarding schools are located. In this regard, Plaintiffs allege that they were forced to perform such tasks as preparing and cooking meals; washing dishes and clothes; cleaning the facilities; and, in some instances, operating the farms, without compensation. Plaintiffs also allege that they received little or no education at these boarding schools, except that they were taught to read the "Vedic scriptures" in connection with their faith. Plaintiffs further allege that Defendants conspired to suppress any public disclosure of the widespread practice of abuse at its boarding schools, and that ISKCON fraudulently concealed this information for decades.

On June 12, 2000, Plaintiffs filed the instant lawsuit, alleging claims against Defendants for violations of RICO, § 1962 (a), (c) and (d), and state law claims for negligence, breach of fiduciary duty, constructive fraud, breach of contract/breach of warranty, breach of statutory duty, gross negligence, conspiracy, fraudulent concealment, and intentional and negligent infliction of emotional distress. Defendants initially filed motions to dismiss Plaintiffs' original complaint in September 2000; however, those motions were rendered moot by the filing of Plaintiffs' First Amended Complaint on October 25, 2000. Thereafter, Defendants filed the pending motions to dismiss. On July 25, 2001, Plaintiffs were allowed to amend their complaint a second time to add additional

Plaintiffs.[4] Defendants move to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (6) and 9(b), and Defendant Resnick under Rule 12(b)(5).

## II. Legal Standard: Motion to Dismiss - 12(b)(6) Failure to State a Claim

Defendants move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), contending that Plaintiffs lack standing to pursue their civil RICO claims because they have failed to allege facts which show that they were injured in their business or property or that their alleged injuries were caused by a RICO violation. Defendants' standing argument is more appropriately characterized as attesting the adequacy of the factual allegations of Plaintiff's RICO claims. Accordingly, it should be analyzed under the standards applicable to Rule 12(b)(6).[5]

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them

---

[4]The factual allegations in Plaintiffs' Second Amended Complaint are the same as those contained in their First Amended Complaint. The parties have agreed that the pending motions to dismiss, and all documents related thereto, may be applied to the latest complaint. The court will therefore apply Defendants' motions to dismiss to Plaintiffs' Second Amended Complaint ("Plaintiffs' Complaint").

[5]To characterize the issue as one of standing causes confusion because standing goes to whether the court's jurisdictional power is invoked. If the court has no subject matter jurisdiction, it is to dismiss the case. Accordingly, it is illogical to assert that Plaintiffs have no standing and therefore the court has no jurisdiction, on the one hand, and then request that the court proceed to determine Defendants' 12(b)(6) motions to dismiss. The court therefore determines that it has subject matter jurisdiction to hear the case, and will determine Defendants' motions to dismiss under the legal standard applicable to Rule 12(b)(6).

Order - Page 5

in the light most favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.; Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied,* 530 U.S. 1229 (2000). The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff. *Lowrey,* 117 F.3d at 247. A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992).

### III. Analysis

#### A. Defendants' Motions to Dismiss[6]

##### 1. Plaintiffs' Claims Under 18 U.S.C. § 1962, Civil RICO

RICO provides a private civil action to recover treble damages for injury resulting from a violation of its substantive provisions. *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 481 (1985); *Price v. Pinnacle Brands, Inc.,* 138 F.3d 602, 606 (5th Cir. 1998). To state a civil RICO claim, Plaintiffs must allege (1) the conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity. As a preliminary matter, however, Plaintiffs must allege facts which show that they have been injured in their business or property by reason of a RICO violation. *See* 18 U.S.C. § 1964(c); *see also Price,* 138 F.3d at 606. Plaintiffs are entitled to pursue a civil RICO claim, if and can only recover to the extent that, they have been injured in their business or property by the conduct

---

[6]Although each motion to dismiss asserts more than one ground for dismissal, Defendants all rely on Fed. R. Civ. P. 12(b)(6). In addition, several Defendants have either joined in existing motions to dismiss, or adopted by reference the arguments contained in the motions and briefs of other Defendants. Because most of Defendants' Rule 12(b)(6) arguments overlap, the court will consider their respective motions together.

constituting the violation. *Sedima*, 473 U.S. at 496. Finding it to be the dispositive issue, the court need only address whether Plaintiffs have alleged an injury to their business or property.[7]

Plaintiffs do not dispute that personal injuries such as those alleged in their Complaint for mental anguish and physical and psychological pain and suffering, including their resulting pecuniary losses, are insufficient to confer standing, or that such injuries are outside the scope of compensable injuries recoverable under RICO. Rather, Plaintiffs allege that their "lost value of child labor" and "lost value of sufficient education" constitute an injury to property sufficient to satisfy RICO's "business or property" injury requirement. Specifically, Plaintiffs allege that they have been "injured in their property because they were robbed of the value of their forced child slave labor at the gurukulas, as well as the value of even a minimally sufficient education." Pls.' Compl. pt. XIV, para. 6, at 41. Regarding their "lost value of child labor" theory, Plaintiffs reason that because they were forced to perform various laborious tasks at ISKCON boarding schools without compensation, they were robbed of the value of their labor, and because the taking of a person's money constitutes an injury to property, Plaintiffs have suffered a cognizable RICO property injury — that is, a loss of money. As for their "lost value of minimally sufficient education" theory, Plaintiffs contend that as a direct result of their lack of sufficient education, they have been unable to find and retain employment. The court finds Plaintiffs' arguments unpersuasive.

Plaintiffs classify their "property injury" as "lost value of child labor" and "lost value of a minimally sufficient education." Plaintiffs insist that these injuries are not an aspect of pecuniary

---

[7]Having determined that Plaintiffs' RICO claims must be dismissed for failure to allege facts which show that they have not suffered an injury to their business or property within the meaning of RICO, the court does not address Defendants' alternative grounds for dismissal.

Order - Page 7

losses resulting from their personal injury claims, but are separate injuries to their "property." The court, however, has located no Texas precedent — and none has been cited by Plaintiffs — which holds that either the "value of child labor" or the "value of a minimally sufficient education" constitutes "property" under Texas law. Moreover, while Plaintiffs contend that their property injury is in essence "a loss of money," they have failed to allege facts which show that they were employees of the boarding schools, and therefore entitled to receive wages for any of their alleged forced labor. In any event, even if the "value of child labor" and "value of a minimally sufficient education" are recognized property interests in Texas, they are intangible ones, and therefore insufficient to confer RICO standing. *See Price*, 138 F.3d at 607 (injury to an intangible property interest is insufficient to confer RICO standing); *see also Oscar v. University Students Coop. Ass'n*, 965 F.2d 783, 785 (9th Cir.), *cert. denied*, 506 U.S. 1020 (1992)(injury to a valuable intangible property interest does not constitute injury to property for purposes of RICO). To establish a RICO injury, Plaintiffs must allege facts which show that they suffered a tangible financial loss, that is, an economic injury that is concrete and particular and not speculative. This they have failed to do. Because Plaintiffs have failed to allege facts which show that they have suffered a cognizable property injury within the ambit of the RICO statute, the court concludes that they can prove no set of facts upon which relief can be granted, and that their RICO claims must be dismissed.[8]

---

[8] Because Rule 12(b)(6) motions to dismiss are disfavored, the court will typically allow a plaintiff who has failed to sufficiently plead facts to state a claim upon which relief can be granted an opportunity to amend his pleadings; however, in this case, amendment would be futile. *See Price*, 138 F.3d at 608. (In deciding whether to allow amendment, the court may consider such factors as undue delay, bad faith or dilatory motives, repeated failure to cure deficiencies by previous amendments, undue prejudice, and futility of amendment). Plaintiffs are represented by able counsel, and have now had four opportunities to articulate their damage theory — Plaintiff's Original Complaint, Plaintiff's First Amended Complaint, Plaintiffs' Second Amended Complaint, and Plaintiffs' Consolidated Response to Defendants' motions to dismiss. As Plaintiff's Second Amended Complaint has failed to cure deficiencies present in the previous complaints,

## 2. Plaintiffs' State Law Claims

Having determined that Plaintiffs' RICO claims must be dismissed for failure to state a claim upon which relief can be granted, the only claims remaining in this action are Plaintiffs' state law claims. Defendants contend that the court lacks subject matter jurisdiction over these claims because they do no arise from the same nucleus of operative facts as Plaintiffs' RICO claims, and do not "form part of the same case or controversy under Article III of the United States Constitution." In the alternative, Defendants' urge the court to decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. Plaintiffs, on the other hand, contend that supplemental jurisdiction does exist because their common law tort claims arise from the same case or controversy as their RICO claims, and that the court should exercise supplemental jurisdiction over Plaintiffs' state law claims should it find that such jurisdiction exists. For purposes of this discussion, the court will assume, without deciding, that it obtained supplemental jurisdiction over Plaintiffs' state law claims via original jurisdiction over their federal claims arising from the same case or controversy.

Whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed is within the discretion of the court. *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). The general rule is to dismiss state claims once the federal claims they are supplementing are dismissed. *See McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998); *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1465 (5th Cir.), *cert. denied*, 516 U.S. 818 (1995). This is because once the crutch is removed — the claim that supports the supplemental jurisdiction of the

---

the court assumes that Plaintiffs have presented their best case and that further amendments would be futile. The court sees no reason to subject Defendants to any further costs of litigation, or to further delay disposition of this case.

Order - Page 9

other claim(s) — the other claims should not remain for adjudication. *See Noble*, 996 F.2d at 799 (*citing* 28 U.S.C. § 1367 Practice Commentary (West Supp. 1993)). In determining whether to retain jurisdiction, the court must consider judicial economy, convenience, fairness, federalism, and comity. *Engstrom*, 47 F.3d at 1465; *see also Parker & Parsley Petroleum v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992)(*citing Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 (1988)). Because no single factor is dispositive, the court should consider all factors under the specific circumstances of each case. *Parker & Parsley*, 972 F.2d at 587. "'In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Id.* at 586-87. (citation omitted).

At this stage of the proceedings, the court finds that the principles of judicial economy favor dismissal, as the court has invested minimal judicial resources in this case. Although Plaintiffs filed this case more than a year ago, they filed their Second Amended Complaint on July 25, 2001, and Defendants' motions to dismiss were applied to that Complaint. Other than the instant dispositive motions, the court has not had to resolve any other disputed matters in this case. Moreover, in an effort to prevent the parties from incurring unnecessary costs of litigation, the court determined that it should delay entry of a scheduling order until after it ruled on Defendants' dispositive motions. As a result, the parties have not engaged in active litigation of this case. The court therefore concludes that this factor weighs in favor of dismissal.

Likewise, the court finds that the parties would not be unduly inconvenienced or prejudiced by the dismissal. As stated before, this case is in the pre-discovery phase. As such, no substantial discovery has been conducted in the case such that the parties would be inconvenienced by an

Order - Page 10

unnecessary duplication of efforts with respect to the state claims. Further, there has been little activity in this case since the parties filed their written submissions regarding Defendants' dispositive motions, and legal research conducted thus far by the parties has been in connection with Defendants' motions to dismiss Plaintiffs' federal RICO claims. The court therefore finds that the parties would not be inconvenienced or prejudiced if the remaining state claims were to proceed in state court. These factors militate in favor of dismissal.

Finally, the court finds that principles of federalism and comity weigh in favor of dismissal. In *United Mine Workers of America v. Gibbs*, the Supreme Court emphasized that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." 383 U.S. 715, 726, (1966). It is well-established that federal courts are "courts of limited jurisdiction . . . and often are not as well equipped for determinations of state law as are state courts." *Parker & Parsley*, 872 F.2d at 588-89. In this case, Plaintiffs' remaining state claims all arise under either Texas tort or contract law. The state courts are much more familiar with these types of claims, and are better equipped to determine them. The court therefore finds that principles of comity point toward dismissal.

For the reasons stated, the court finds that all factors weigh strongly in favor of dismissal. Given that this case is in the pre-discovery stage, there has been little commitment of federal judicial resources, and dismissal will neither inconvenience nor prejudice the parties, the court concludes that Plaintiffs' remaining state law claims should be dismissed. The court therefore declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, and hereby dismisses those claims without prejudice.

### B. Remaining Motions

Also before the court are Defendant Resnick's First Amended 12(b)(5) Motion to Dismiss; Plaintiffs' Motion for Extension of Time to Serve Howard Resnick; Defendant ISKCON Foundation, Inc.'s Motion to Take Judicial Notice of Facts; and the Motion for Leave to File Brief Amicus Curiae. The court addresses each of these motions in turn below.

Defendant Resnick seeks dismissal of Plaintiffs' claims pursuant to Rule 12(b)(5), contending that service of process upon him was legally insufficient. Specifically, Defendant Resnick contends that Plaintiffs have not served him in a manner permitted under federal law because they effected personal service on his brother, Robert Resnick, rather than on him, as he was out of the country on September 6, 2000, the date on which he was purportedly served with process. In support of his motion, Defendant Resnick submits his declaration and the declaration of his brother Robert Resnick. The court finds that Defendant Resnick's motion is well taken; however, it declines to dismiss this action against him based on improper service, as Plaintiffs have also demonstrated good cause for their failure to effect proper service on him. A district court faced with a Rule 12(b)(5) motion normally has discretion either to dismiss the action or to quash service. *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985). Accordingly, the court exercises its discretion and **quashes** service as to Defendant Resnick. Plaintiffs request that in the event service is quashed, they be allowed 90 days within which to properly effect service on Defendant Resnick. Plaintiffs also request that the court instruct counsel for Defendant Resnick to provide them with his current address for service of process. To the extent Plaintiffs seek additional time within which to effect proper service on Defendant Resnick, their motion is **granted**; however,

Order - Page 12

the court believes that 45 days is sufficient for Plaintiffs to effect service of process on this Defendant.

Accordingly, Defendant Resnick's Amended 12(b)(5) Motion to Dismiss is **denied**; however, service of process as to this Defendant is hereby **quashed**. Plaintiffs' Motion for Extension of Time to Serve Howard Resnick is **granted**. Counsel for Defendant Resnick shall provide Plaintiffs with Defendant Resnick's current address for service of process by **October 5, 2001**, and Plaintiffs' shall effect service on Defendant Resnick by **November 19, 2001**, or risk dismissal of this lawsuit against this Defendant without further notice.

Defendant ISKCON Foundation, Inc. moves the court to take judicial notice of its Articles of Incorporation, which were filed with the Florida Secretary of State on April 14, 1993. The Foundation contends that this evidence shows that it was not in existence at the time of the events giving rise to Plaintiffs' purported claims, and therefore supports its motion to dismiss. The court finds it unnecessary to take judicial notice of this fact, as the court dismissed Plaintiffs' RICO claims against the Foundation on other grounds. Accordingly, Defendant ISKCON Foundation, Inc.'s Motion to Take Judicial Notice of Facts is hereby **denied as moot**.

*Amici curiae* request permission to file an amicus brief in this case to address the viability of Plaintiffs' RICO claims against religious organizations. Because the court has determined that Plaintiffs have failed to allege a cognizable RICO injury, it need not address the arguments raised by *amici curiae*, and therefore finds that an amicus brief unnecessary. Accordingly, *amici curiae's* Motion for Leave to File Brief Amicus Curiae is hereby **denied as moot**.[9]

---

[9]The court notes that Defendant Keith Ham has not filed a dispositive motion in this case. Nothing contained in this order prevents him from doing so.

Order - Page 13

### C. Unserved Defendants

The court notes that several individuals and entities identified as Defendants in this case have not been served with process, and that Plaintiffs have not yet ascertained the identities of Defendant Does 1-30, despite an extension of time to do so. Specifically, those unserved Defendants are Damodar Title Holding; ISKCON, Inc.; ISKCON Krishnafest USA, Inc.; ISKCON of Lake Huntington Property Corporation; Gregory Gottfried, as Executor of the Estate of A.C. Bhaktivedanta Swami Prabhupada; Robert Grant, as Executor of the Estate of A.C. Bhaktivedanta Swami Prabhupada; Gopal Khanna, Individually, and as Executor of the Estate of A.C. Bhaktivedanta Swami Prabhupada; Glen Teton, as Executor of the Estate of A.C. Bhaktivedanta Swami Prabhupada; Charles Bacis; William Berke; Robert Corens; William Ehrlichman; John Favors; Steven Goreyno, a/k/a Steven Guarino; Michael Grant; Theodore Richard Harris; Jeffrey Hickey; Hans Kary; Bruce Scharf; Does 1-30; and Bhaktivedanta Book Trust International, Inc.

Pursuant to the court's order dated December 11, 2000, service was to be effected on the identified unserved Defendants by February 25, 2001. As of the date of this order, service has not been effected, and Plaintiffs have not shown good cause for their failure to effect service on these Defendants. Since service of process has not been effected on the identified unserved Defendants in accordance with Rule 4(m), Fed. R. Civ. P., this action is hereby **dismissed without prejudice** as to these Defendants. As for Defendants Does 1-30, Plaintiff shall identify and effect service on these Defendants by **November 19, 2001.** If Plaintiff fails to do so, Defendants Does 1-30 will be dismissed pursuant to Rule 4(m).

## IV. Conclusion

For the reasons stated, Plaintiffs have failed to allege facts which demonstrate that they have been injured in their business or property as required by RICO. The court therefore concludes that Plaintiffs can prove no set of facts which would entitle them to relief under RICO, and that Plaintiffs' civil RICO claims against Defendants must be dismissed. With the dismissal of their RICO claims, the only claims remaining in this action are Plaintiffs' state law claims. For the reasons stated, the court declines to exercise its supplemental jurisdiction over these claims. Accordingly, the court **grants** Defendant ISKCON Foundation, Inc.'s motion to dismiss; **grants** Defendant Attar's motion to dismiss; **grants** the ISKCON Defendants' motion to dismiss; **grants** Defendant ISKCON West Virginia's motion to dismiss; **grants** Defendant Ogle's motion to dismiss; **grants** Defendants Texas Krishnas, Inc. and Thomas Herzig's motion to dismiss; and **grants** Defendants New Vrindaban Community Inc., NRS, Inc., and Jaga, Inc.'s motion to dismiss. Plaintiffs' RICO claims against these Defendants are hereby **dismissed with prejudice**, and Plaintiffs' state law claims against these Defendants are **dismissed without prejudice**. In addition, Plaintiffs' claims against the previously identified unserved Defendants in this case are hereby **dismissed without prejudice** pursuant to Fed. R. Civ. P. 4(m). In light of the court's ruling, the only Defendants remaining in this case are Defendant Keith Ham, Defendant Howard Resnick, and Defendants Does 1-30.

**It is so ordered** this 28th day of September, 2001.

Sam A. Lindsay
United States District Judge

Order - Page 15