ORIGINAL



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHILDREN OF ISKCON, et al., § | |
| § | |
| Plaintiffs, § | |
| v. § | Civil Action No. 3:00-CV-1254-L |
| § | |
| ISKCON, a d/b/a of § | |
| THE INTERNATIONAL SOCIETY FOR § | |
| KRISHNA CONSCIOUSNESS, et al., § | |
| § | |
| Defendants. § | |

## ORDER

The only Defendants remaining in this action are Defendants Keith Ham, Howard Resnick, and Does 1-30.  On September 28, 2001, the court issued an order directing Plaintiffs to identify Defendants Does 1-30, and to effect service on them, along with Defendant Howard Resnick by November 19, 2001.  On November 8, 2001, the court issued an order directing Plaintiffs to advise the court by November 21, 2001, whether they intended to pursue their claims against Defendant Keith Ham in this court.  The court has before it a letter from Mr. Thomas B. Cowart, counsel for Plaintiffs, dated November 21, 2001, wherein Mr. Cowart states that Plaintiffs have no intention of pursuing their claims against Defendants Keith Ham, Howard Resnick, or Does 1-30 in this court.  Mr. Cowart also suggests that the court dismiss these Defendants by extending its previous order of September 28th to include the remaining Defendants.  The clerk of the court is directed to file Mr. Cowart's letter as an attachment to this order.

While the court agrees that dismissal of the remaining Defendants is appropriate, it finds that any such dismissal should be pursuant to Rules 4(m) and 41(a)(2) of the Federal Rules of Civil

Order - Page 1

Procedure, rather than as counsel suggests.  First, the court has no jurisdiction over Defendants Resnick and Does 1-30, as these Defendants were never served with process.  Therefore, any extension of the court's previous order to these Defendants would be inappropriate.  Second, Defendant Ham has never sought affirmative relief from the court. Consequently, any extension of the court's September 28th order to him would likewise be inappropriate.

For these reasons, the court will treat Plaintiffs' counsel's letter as an acknowledgment that Plaintiffs have not effected, and do not plan to effect, service on Defendants Resnick and Does 1-30 pursuant to Rule 4(m), Fed. R. Civ. P., and also as a notice of dismissal of Defendant Ham pursuant to Rule 41(a)(2), Fed. R. Civ. P.  Accordingly, Defendants Howard Resnick and Does 1-30 are hereby **dismissed without prejudice** pursuant to Rule 4(m), and Plaintiffs' claims against Defendant Keith Ham are hereby **dismissed without prejudice** pursuant to Rule 41(a)(2).

**It is so ordered** this 28th day of November, 2001.

Sam A. Lindsay
United States District Judge

Order - Page 2

# WINDLE TURLEY, P.C.

| ATTORNEYS | | |
|---|---|---|
| WINDLE TURLEY<br>CERTIFIED-PERSONAL INJURY TRIALS | WILLIAM J. DUNLEAVY | |
| LINDA TURLEY<br>CERTIFIED-PERSONAL INJURY TRIALS | CHRISTOPHER COWAN | |
| HARRY WASOFF, JR<br>CERTIFIED-PERSONAL INJURY TRIALS | BRENT S. FREEFIELD | |
| THOMAS B. COWART<br>CERTIFIED-CIVIL APPELLATE LAW | DALE R ROSE | |
| QUENTIN BROGDON<br>CERTIFIED-PERSONAL INJURY TRIALS<br>CERTIFIED-CIVIL TRIAL ADVOCACY | JEFFREY T EMBRY<br><br>LORI A. WATSON | |

1000 TURLEY LAW CENTER
6440 N. CENTRAL EXPRESSWAY
DALLAS, TEXAS 75206

214-691-4025
1-800-692-4025
TELE-FAX: 214-361-5802

E-MAIL: turley@wturley.com
WEBSITE: www.wturley.com

November 21, 2001

The Honorable Sam A. Lindsay
United States District Court
Northern District of Texas
1100 Commerce Street, Room 14A20
Dallas, Texas 75242-1003

          RE:   Children of ISKCON, et al. v. ISKCON, et al., Civil Action No. 3-00-CV1254-L

Dear Judge Lindsay:

This letter is intended to respond to the Court's November 8, 2001, order directing plaintiffs to advise the Court by this date of their intentions regarding the Defendants remaining in this cause after the Court's September 28, 2001 order. Plaintiffs do not intend on pursuing their claims against those remaining Defendants (Keith Ham, Howard Resnick, and Doe Defendants 1-30) before this Court at this time.

In the interest of preserving Plaintiffs' appellate rights, if any, Plaintiffs suggest that the dismissal of these Defendants could be appropriately accomplished by extending the Court's earlier order to include these remaining Defendants.

          Respectfully submitted,

          Thomas B. Cowart

TBC
Enclosures
cc:    Ms. Susan D. Heygood
       Mr. Randal Mathis
       Mr. Steven R. Pierret
       Mr. Joseph Fedorowsky

tbc11210101.wpd

Judge Sam Lindsay                                                                November 21, 2001
re: Children of ISKCON v. ISKCON, No. 3-00-CV1254-L                              Page 2

cc (continued):

    Mr. John O'Donnell
    Iskcon Foundation, Inc. c/o Mr. Marvin Bingham
    Mr. Jeffery Hickey
    Mr. Hans Kary
    Mr. Keith Ham
    Damodar Title Holding Corp. Of Dallas, Inc. c/o Mr. Thomas Kerr
    Iskcon Krishnafest USA, Inc. c/o Mr. George Levington
    Iskcon of West Virginia, Inc. c/o David Waterman
    New Vrindaban Community, Inc. c/o Mr. David Waterman
    NRS, Inc. c/o Mr. David Waterman
    Jaga, Inc. c/o Mr. Ralph Seward

tbc11210101.wpd